# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | | |
|---|---|---|
| DENORVEL M. BLAINE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:13CV1517 NAB |
| | ) | |
| GEORGE LOMBARDI, | ) | |
| | ) | |
| Respondent. | ) | |

## <u>MEMORANDUM AND ORDER</u>

This matter is before the Court on petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition appears to be barred by the one-year limitations period, and the Court will order petitioner to show cause why the petition should not be dismissed.

Petitioner seeks to challenge a judgment imposed by the St. Louis County Circuit Court in 1985. <u>State v. Blaine</u>, No. 21CCR-513503 (21st Judicial Cir.). Petitioner was convicted of second degree murder and was sentenced to forty-nine years' imprisonment. <u>State v. Blaine</u>, 719 S.W.2d 900, 901 (Mo. Ct. App. 1986). The sentence was upheld on appeal, <u>id.</u>, and the state courts denied post-conviction relief, <u>see</u> <u>Blaine v. State</u>, 778 S.W.2d 700, 701 (Mo. Ct. App. 1989). The Missouri Court of Appeals issued its mandate from the denial of post-conviction relief on November 16, 1989. <u>Id.</u>

In the instant petition, petitioner contends that the sentence imposed was excessive under the Fourteenth Amendment.

Under 28 U.S.C. § 2244(d):

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–

    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

The one-year period of limitations for filing habeas petitions did not exist when petitioner was convicted, or prior to enactment of the AEDPA on April 24, 1996.

In addressing this issue, the United States Court of Appeals for the Eighth Circuit has "held that time before the effective date of AEDPA, April 24, 1996, is not counted in computing the one-year period of limitation [under § 2244(d)]. Prisoners whose judgments of conviction became final before the effective date of AEDPA are given a one-year period after that date, or until April 24, 1997, plus any additional

periods during which the statute is tolled." <u>Peterson v. Gammon</u>, 200 F.3d 1202, 1204 (8th Cir. 2000). As a result, the one-year period of limitations for the instant petition expired more than sixteen years before it was filed.

The Court will order petitioner to show cause, in writing and no later than thirty days from the date of this Order, why the instant petition should not be dismissed as time-barred. <u>See</u> <u>Day v. McDonough</u>, 126 S. Ct. 1675, 1684 (2006) (district court must give notice to petitioner before sua sponte dismissing petition as time-barred).

Accordingly,

**IT IS HEREBY ORDERED** that petitioner shall show cause, in writing and **no later than thirty (30) days from the date of this Order**, why this action should not be dismissed as time-barred.

**IT IS FURTHER ORDERED** that if petitioner fails to comply with this Order, this action will be dismissed.

Dated this <u>12th</u> day of August, 2013.


        /s/ Nannette A. Baker
       NANNETTE A. BAKER
       UNITED STATES MAGISTRATE JUDGE