# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| DENORVEL M. BLAINE, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 4:13CV1517 NAB |
| | ) |
| GEORGE LOMBARDI, | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on review of petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  The Court has determined that petitioner is not entitled to relief, and the Court will dismiss this action pursuant to Rule 4 of the Rules Governing § 2254 Cases.

Petitioner was convicted of second degree murder and was sentenced to forty-nine years' imprisonment in 1985.  State v. Blaine, 719 S.W.2d 900, 901 (Mo. Ct. App. 1986).  The sentence was upheld on appeal, id., and the state courts denied post-conviction relief, see Blaine v. State, 778 S.W.2d 700, 701 (Mo. Ct. App. 1989).  The Missouri Court of Appeals issued its mandate from the denial of post-conviction relief on November 16, 1989.  Id.  Petitioner filed a motion to recall the mandate on December 21, 1993, which the appellate court denied.

The Court previously found that the petition was untimely, and the Court ordered petitioner to show cause why the petition should not be summarily dismissed.

Petitioner has responded that he is not challenging his judgment or sentence. He states that he is challenging the "arbitrary" denial of his motion to recall the mandate.

Pursuant to 28 U.S.C. § 2254, "a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Because petitioner is not challenging the fact of his custody or the validity of the state court's judgment, his petition must be dismissed.

Moreover, even if petitioner were raising a cognizable claim, his petition would have to be dismissed as time-barred. Title 28 U.S.C. § 2244(d) imposes a one-year limitations period on the filing of § 2254 petitions. The one-year period of limitations for filing habeas petitions did not exist when petitioner was convicted, or prior to enactment of the AEDPA on April 24, 1996. In addressing this issue, the United States Court of Appeals for the Eighth Circuit has "held that time before the effective date of AEDPA, April 24, 1996, is not counted in computing the one-year period of limitation [under § 2244(d)]. Prisoners whose judgments of conviction became final before the effective date of AEDPA are given a one-year period after that date, or until April 24, 1997, plus any additional periods during which the statute is tolled." Peterson v. Gammon, 200 F.3d 1202, 1204 (8th Cir. 2000). As a result, the one-year period of limitations for the instant petition expired more than sixteen years ago.

For these reasons, petitioner is not entitled to federal habeas relief. Furthermore, petitioner has failed to make a substantial showing of the denial of a constitutional right, which requires a demonstration "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right."  Khaimov v. Crist, 297 F.3d 783, 785 (8th Cir. 2002) (quotation omitted). Thus, the Court will not issue a certificate of appealability.  28 U.S.C. § 2253(c).

Accordingly,

**IT IS HEREBY ORDERED** that the petition is **DISMISSED**.

**IT IS FURTHER ORDERED** that the Court will not issue a certificate of appealability.

An Order of Dismissal will be filed with this Memorandum and Order.

Dated this 26th day of August, 2013.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE